GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: ANDREW E. KRAUSE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2769
Facsimile: (212) 637-2786
E-mail: andrew.krause@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

NEW YORK CIVIL LIBERTIES UNION,

                    Plaintiff,

  -against-

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT,

                  Defendant.

------------------------------------------------------------------ x

18 Civ. 11557 (RA)

**ANSWER**

Defendant United States Immigration and Customs Enforcement ("ICE" or the "Defendant"), by its attorney Geoffrey S. Berman, United States Attorney for the Southern District of New York, hereby answers the complaint of plaintiff New York Civil Liberties Union (the "Plaintiff"), dated December 11, 2018, as follows:

    1.     The allegations contained in the first sentence of paragraph 1 of the complaint consist of Plaintiff's characterization of this action, to which no response is required. To the extent that a response is required, Defendant admits that this action purports to be brought under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"). Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 1 of the complaint.

2. The allegations contained in paragraph 2 of the complaint consist of Plaintiff's characterization unspecified media reports, to which no response is required. Defendant respectfully refers the Court to the referenced media reports for complete and accurate descriptions of their contents. To the extent that a response is required, Defendant denies the allegations contained in paragraph 2 of the complaint.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4. The allegations contained in the first sentence of paragraph 4 of the complaint consist of Plaintiff's legal opinions and conclusions, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in the first sentence of paragraph 4 of the complaint, but admits that as of the date of this Answer, Defendant has not yet produced responsive, non-exempt records to Plaintiff in response to the FOIA Request. The allegations contained in the second sentence of paragraph 4 of the complaint consist of Plaintiff's requested relief, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in the second sentence of paragraph 4 of the complaint; specifically, Defendant denies that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

5. The allegations contained in paragraph 5 of the complaint consist of Plaintiff's legal opinions and conclusions regarding jurisdiction, to which no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6. The allegations contained in paragraph 6 of the complaint consist of Plaintiff's legal opinions and conclusions regarding venue, to which no response is required. To the extent

that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint.

8. Defendant admits the allegations contained in paragraph 8 of the complaint.

9. The allegations contained in the first and second sentences of paragraph 9 of the complaint consist of Plaintiff's characterization of ICE's administration and enforcement of immigration laws, to which no response is response is required. To the extent that a response is required, Defendant denies the allegations contained in the first and second sentences of paragraph 9 of the complaint. The allegations contained in the third sentence of paragraph 9 of the complaint consist of Plaintiff's characterization of a media report, to which no response is required. Defendant respectfully refers the Court to the referenced media report for a complete and accurate description of its contents. To the extent that a response is required, Defendant denies the allegations contained in the third sentence of paragraph 9 of the complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11. The allegations contained in the first sentence of paragraph 11 of the complaint consist of Plaintiff's characterization of two federal regulations, to which no response is required. Defendant respectfully refers the Court to the cited regulations for complete and accurate descriptions of their contents. The allegations contained in the second sentence of paragraph 11 of the complaint consist of Plaintiff's characterization of ICE's administration and enforcement of immigration laws, to which no response is required. To the extent that a

response is required, Defendant denies the allegations contained in the second sentence of paragraph 11 of the complaint.

12. The allegations contained in the first sentence of paragraph 12 of the complaint consist of Plaintiff's characterization of a federal regulation, to which no response is required. Defendant respectfully refers the Court to the cited regulation for a complete and accurate description of its contents. Defendant denies the allegations contained in the second sentence of paragraph 12 of the complaint. The allegations contained in the third sentence of paragraph 12 of the complaint consist of Plaintiff's legal opinions and conclusions, to which no response is required. The remaining allegations contained in paragraph 12 of the complaint consist of Plaintiff's characterization various studies and reports, to which no response is required. Defendant respectfully refers the Court to the referenced studies and reports for complete and accurate descriptions of their contents. To the extent that any additional response is required, Defendant denies the allegations contained in paragraph 12 of the complaint.

13. The allegations contained in paragraph 13 of the complaint consist of Plaintiff's characterization of a media report, to which no response is required. Defendant respectfully refers the Court to the referenced media report for a complete and accurate description of its contents. To the extent that a response is required, Defendant denies the allegations contained in paragraph 13 of the complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 14 of the complaint, inasmuch as it requires knowledge and information regarding the amount of, and the reasons for, the alleged "public interest" in various issues. The allegations contained in the third sentence of paragraph 14 of the complaint consist of Plaintiff's characterization of a memorandum prepared

by the then-Secretary of the United States Department of Homeland Security, to which no response is required. Defendant respectfully refers the Court to the cited memorandum for a complete and accurate description of its contents. To the extent any additional response is required, Defendant denies the allegations contained in the third sentence of paragraph 14 of the complaint.

15. The allegations contained in paragraph 15 of the complaint consist of Plaintiff's characterization of media reports, to which no response is required. Defendant respectfully refers the Court to the referenced media reports for complete and accurate descriptions of their contents. The allegations contained in paragraph 15 of the complaint also consist of Plaintiff's characterization of ICE's administration and enforcement of immigration laws, to which no response is response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 15 of the complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 16 of the complaint, inasmuch as it requires knowledge and information regarding the amount and the reasons for the alleged "media interest" in various issues. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 17 of the complaint, inasmuch as the meaning of the phrase "that report" is unclear. Defendant admits that Plaintiff submitted the FOIA Request on July 24, 2018.

17. Defendant denies the allegations contained in the first and third sentences of paragraph 17 of the complaint. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 17 of the complaint.

18. The allegations contained in paragraph 18 of the complaint consist of Plaintiff's characterization of the contents of a FOIA request submitted to Defendant by counsel for Plaintiff. Defendant admits that Exhibit A to the complaint is a copy of this FOIA request (the "FOIA Request"), and respectfully refers the Court to the FOIA Request for a complete and accurate description of its contents.

19. The allegations contained in paragraph 19 of the complaint consist of Plaintiff's characterization of the FOIA Request. Defendant admits that Exhibit A to the complaint is a copy of the FOIA Request, and respectfully refers the Court to the FOIA Request for a complete and accurate description of its contents.

20. The allegations contained in paragraph 20 of the complaint consist of Plaintiff's characterization of the contents of the FOIA Request. Defendant admits that Exhibit A to the complaint is a copy of the FOIA Request, and respectfully refers the Court to the FOIA Request for a complete and accurate description of its contents.

21. The allegations contained in paragraph 21 of the complaint consist of Plaintiff's characterization of the contents of an August 6, 2018 email from Defendant to counsel for Plaintiff. Defendant admits that it sent an email to counsel for Plaintiff on August 6, 2018, and respectfully refers the Court to the August 6, 2018 email for a complete and accurate description of its contents.

22. The allegations contained in paragraph 22 of the complaint consist of Plaintiff's legal opinions and conclusions, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 22 of the complaint, but admits that as of the date of this Answer, Defendant has not yet produced responsive, non-exempt records to Plaintiff in response to the FOIA Request.

23. Defendant admits the allegations contained in paragraph 23 of the complaint.

24. Defendant admits the allegations contained in paragraph 24 of the complaint.

25. The allegations contained in paragraph 25 of the complaint consist of Plaintiff's characterization of the contents of a November 7, 2018 letter from Defendant to counsel for Plaintiff. Defendant admits that on November 7, 2018, it sent a letter to counsel for Plaintiff adjudicating the appeal of the FOIA Request, and respectfully refers the Court to the November 7, 2018 letter for a complete and accurate description of its contents.

26. The allegations contained in paragraph 26 of the complaint consist of Plaintiff's characterization of the contents of a November 7, 2018 letter from Defendant to counsel for Plaintiff. Defendant admits that on November 7, 2018, it sent a letter to counsel for Plaintiff adjudicating the appeal of the FOIA Request, and respectfully refers the Court to the November 7, 2018 letter for a complete and accurate description of its contents.

27. Defendant denies the allegations contained in paragraph 27 of the complaint, except admits that as of the date of this Answer, Defendant has not yet produced responsive, non-exempt records to Plaintiff in response to the FOIA Request.

28. The allegations contained in paragraph 28 of the complaint consist of Plaintiff's legal opinions and conclusions, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 28 of the complaint.

29. The allegations contained in paragraph 29 of the complaint consist of Plaintiff's legal opinions and conclusions, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 29 of the complaint.

30. The remainder of the complaint consists of Plaintiff's requested relief, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

## DEFENSES

### FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this complaint for any relief that exceeds the relief authorized by statute under the FOIA, 5 U.S.C. § 552.

### SECOND DEFENSE

The requested records are exempt, in full or in part, from disclosure. *See* 5 U.S.C. § 552(b).

### THIRD DEFENSE

Defendant has exercised due diligence in processing the FOIA Request, and exceptional circumstances exist that necessitate additional time for Defendant to complete its processing of the FOIA Request. *See* 5 U.S.C. § 552(a)(6)(C).

### FOURTH DEFENSE

Defendant reserves the right to amend this Answer to assert any other matter that constitutes an avoidance or affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant respectfully requests that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of Defendant; and (3) grant such further relief as the Court deems just and proper.

Dated: New York, New York
       February 21, 2019

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: */s/ Andrew E. Krause*
ANDREW E. KRAUSE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2769
Facsimile: (212) 637-2786
E-mail: andrew.krause@usdoj.gov