March 29, 2019

**Via ECF**

MEMO ENDORSED

The Honorable Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1506
New York, NY 10007

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/1/19

Re: *New York Civil Liberties Union v. United States Immigration and Customs Enforcement,* No. 18-CV-11557 (RA)

Dear Judge Abrams:

In this case arising from a Freedom of Information Act request for records bearing on immigration detention, the parties respectfully submit this joint letter pursuant to the Court's Order dated March 8, 2019. *See* Dkt. No. 22. Since the submission of the parties' first joint letter, the defendant has made no further productions. The parties continue to negotiate over the outstanding requests as well as the adequacy of the initial production. In light of the defendant's representation that it will make a substantial production on or before April 5, 2019, and the parties' ongoing negotiations over the remaining issues, the parties respectfully request an adjournment of the status conference currently scheduled for April 5, 2019.

### I.   The status of productions

The plaintiff, the New York Civil Liberties Union, seeks records pertaining to initial custody determinations in which the defendant, U.S. Immigration and Customs Enforcement's ("ICE"), decides whether an individual will be detained pending an appearance before an immigration judge or released on bond or recognizance.

The parties have corresponded since the filing of this action and negotiated an initial production schedule. On February 28, 2019, the defendant produced what it represented to be a complete production of all responsive, non-exempt records for each item of the plaintiff's FOIA request other than subparts 2(e), 2(f), 5(8), and 5(9).

Since the first status conference, held March 8, 2019, the parties have continued to negotiate regarding certain outstanding issues, including with respect to subparts 2(e), 2(f), 5(8), and 5(9) of the plaintiff's FOIA request. The plaintiff has proposed a series of custodians and search terms to assist the defendant in identifying the scope of records potentially responsive to the plaintiff's Request Nos. 2(e) and 2(f), and has narrowed the scope of Request No. 2(f). The defendant represents that it has taken the plaintiff's suggested custodians and search terms under advisement in determining the proper parameters for its searches. The defendant represents that it has done substantial work to attempt to identify the volume of records potentially responsive to Request

1

Nos. 2(e) and 2(f), but the defendant is not yet able to provide a total volume of potentially responsive records or pages based on the custodians whose files have been searched and the search terms that have been applied. The defendant represents that the search for responsive records for these requests requires retrieval and searching of six separate sources of data. Four sets of data have been collected and searched already; a fifth set of data is expected to be retrieved by the end of the day today; and the sixth set—involving the largest volume of potentially responsive data—is still being collected. The defendant expects that the retrieval and search of the final set of data will be complete by April 5, 2019, and that de-duplication of potentially responsive records will be complete early in the week of April 8, 2019.

In subparts 5(8) and 5(9) of the Request, the plaintiff seeks unique identifiers for the ICE officers and supervisors in its New York and Buffalo Field Offices who affirmed or overrode recommendations issued by the Risk Classification tool. The defendant has withheld existing identification information for the officers/supervisors pursuant to FOIA Exemptions 6 and 7(C), and the defendant has informed the plaintiff that it will not create a new system of codes for purposes of identifying these employees.

The plaintiff also has raised several issues with respect to the completeness and responsiveness of the initial production, which the parties continue to negotiate. The plaintiff has sought additional information with respect to the defendant's claimed exemptions, which the defendant has declined to provide at this time, other than (i) the information provided as part of the parties' March 1, 2019 letter to the Court, *see* Dkt. No. 21, Section II; and (ii) the defendant's representation that a significant number of the Exemption 7(E) withholdings are screenshots from the RCA tool user invoice, and that this is a major category of withheld information.

## II. The claimed exemptions

As detailed in Section II of the parties' first joint status letter, the defendant withheld information in certain records on privacy grounds pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. § 552(b)(6), (b)(7)(C). The defendant also withheld information, including one document in full, pursuant to FOIA Exemption 7(E), 5 U.S.C. § 552(b)(7)(E), because the defendant asserts that the release of the information would disclose techniques and/or procedures and/or guidelines for law enforcement investigations, and the disclosure of this information could reasonably be expected to risk circumvention of the law.

The plaintiff has requested that the defendant produce a *Vaughn* index or declaration indicating (1) the document or portion of document withheld; (2) the statutory exemption claimed; and (3) an explanation of how the disclosure would damage the interests protected by the claimed exemption. As an alternative, the plaintiff has proposed that the defendant produce a provisional *Vaughn* index to be used for settlement discussions only. The defendant has informed the plaintiff that it is not prepared to take either of these steps at this time, because the defendant is still working to gather, review, and process responsive records for Request Nos. 2(e) and 2(f), and because the plaintiff has raised various other issues that the defendant is attempting to work through as well. The defendant suggested that the parties revisit the question of how best to attempt to narrow the scope of issues in dispute after the parties have made more progress on all of the other outstanding

items. The plaintiff believes that such an index is necessary to inform the plaintiff's decision-making about which, if any, withholdings to challenge.

### III. Proposed schedules for gathering, processing, and producing documents, as well as for filing any related briefing

As discussed above, the parties continue to negotiate the production of records responsive to subparts 2(e) and 2(f) of the Request as well as responsive records the plaintiff believes were missing from the initial production.

The parties have identified a previously litigated FOIA case in which the government defendants—the U.S. Department of Homeland Security and ICE—produced records regarding ICE's Risk Classification Assessment tool, including many records that are responsive to the plaintiff's request. *See Casper v. U.S. Dep't of Homeland Security*, 16-cv-380 (D. Minn.) (filed Feb. 16, 2016; closed Jan. 20, 2017). While some of the records produced during the *Casper* litigation may not be responsive to the plaintiff's request, the parties have agreed that, in the interest of expediting production, the defendant will provide the plaintiff with the entire production from *Casper*, rather than filtering out records that would not otherwise have been responsive to the plaintiff's request. The *Casper* production is approximately 6,700 pages, and the defendant expects to be able to produce those records on or before April 5, 2019.

The parties propose that they provide a further status report to the Court on or before May 10, 2019, and respectfully request that the Court adjourn the April 5, 2019 status conference until after the parties submit their next status report. Because the defendant has not yet completed its production of records responsive to the FOIA request, the parties agree that it would be premature at this time to propose a schedule for briefing any issues that may require judicial resolution. However, the plaintiff reserves its right to move for an order requiring the defendant to produce a *Vaughn* index should such a motion become necessary, and the defendant reserves its right to continue to oppose any such motion.

> Application granted. The parties shall further update the Court no later than May 10, 2019. The status conference currently scheduled for April 5, 2019 is adjourned until May 17, 2019 at 10:30 a.m.
> SO ORDERED.
> Hon. Ronnie Abrams
> 4/1/2019

3

Respectfully submitted,

| | |
|---|---|
| /s/ Amy Belsher | GEOFFREY S. BERMAN |
| AMY BELSHER | United States Attorney for the |
| ANTONY GEMMELL | Southern District of New York |
| BEN CHOI* | |
| CHRISTOPHER DUNN | By:  /s/ Andrew E. Krause |
| New York Civil Liberties Union | ANDREW E. KRAUSE |
|  Foundation | Assistant United States Attorney |
| 125 Broad Street, 19th Floor | Telephone:  212-637-2769 |
| New York, NY 10004 | Facsimile: 212-637-2786 |
| Tel: (212) 607-3342 | E-mail: andrew.krause@usdoj.gov |
| abelsher@nyclu.org | |
| | *Counsel for the defendant* |
| *Counsel for the plaintiff* | |

*Application to the SDNY forthcoming.

4