July 19, 2019

**Via ECF**
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1506
New York, NY 10007

>Re: *New York Civil Liberties Union v. United States Immigration and Customs Enforcement, No. 18-CV-11557 (RA)*

Dear Judge Abrams:

In this case arising from a Freedom of Information Act request for records bearing on immigration detention, the parties respectfully submit this joint letter pursuant to the Court's Order dated June 25, 2019. *See* Dkt. No. 28. Since the submission of the parties' fourth joint letter, the defendant has made one further production. The parties continue to negotiate over the remaining scope of the document production and hope that they will soon be able to reach an agreement.

## I. The status of productions

The plaintiff, the New York Civil Liberties Union, seeks records pertaining to initial custody determinations in which the defendant, U.S. Immigration and Customs Enforcement, decides whether an individual will be detained pending an appearance before an immigration judge or released on bond or recognizance.

The parties have negotiated several production schedules. On February 28, 2019, the defendant made an initial, partial production of non-exempt records responsive to all but sub-requests 2(e) and 2(f) of the plaintiff's FOIA request.

On April 3, 2019, the defendant produced 6,723 pages of records previously produced as part of a different FOIA litigation—*Casper v. U.S. Dep't of Homeland Security*, 16-cv-380 (D. Minn.) (filed Feb. 16, 2016; closed Jan. 20, 2017). The defendant also made small productions on April 17 and May 6, 2019 to address other issues identified by the plaintiff.

On May 9, 2019, the defendant informed the plaintiff that it had identified approximately 25,000 records potentially responsive to sub-request 2(e) and 2(f). The defendant represents that these can be processed at a rate of 750 pages per month. The plaintiff has proposed several methods of narrowing and organizing the production, including by producing the records according to sub-request or custodian. The defendant has represented that it is unable to sort or categorize the records in this manner but that it can sort the records by date. The plaintiff also requested an index of the potentially responsive records; the defendant has represented that this would be extraordinarily time consuming and burdensome, and has asserted that this is not required by the FOIA.

The defendant is still working to provide an estimated page count for the approximately 25,000 records. As of today, the defendant has loaded approximately 21,000 records, consisting of approximately 35,000 pages left to process. In light of the parties' ongoing negotiations regarding the remaining scope of the document production, the defendant is holding off on loading the remaining 4,000 records at this time, because the negotiations may make it unnecessary to process these particular records.

The parties agreed that the first production of records responsive to sub-requests 2(e) and 2(f) would include an assortment of records pulled from different locations within the database storing the records so that the plaintiff could obtain a better sense of the responsive material. On June 10, 2019, the defendant produced 798 pages of records, all dated from 2012. The defendant represented that the production was not an assortment of records because processing for this production had started prior to the parties reaching agreement on the contents of that production.

On July 10, 2019, the defendant produced 768 pages of records responsive to sub-requests 2(e) and 2(f). This production was an assortment of records as agreed upon by the parties, and the plaintiff is currently working to use this sampling to identify potential methods to narrow and prioritize the production of remaining records. The parties also continue to negotiate strategies to further narrow and prioritize the production of these records and are working in good faith to resolve the outstanding issues.

## II.     The claimed exemptions

As detailed in Section II of the parties' second joint status letter, the defendant withheld information in certain records on privacy grounds pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. § 552(b)(6), (b)(7)(C). The defendant also withheld information, including one document in full, pursuant to FOIA Exemption 7(E), 5 U.S.C. § 552(b)(7)(E), because the defendant asserts that the release of the information would disclose techniques and/or procedures and/or guidelines for law enforcement investigations, and the disclosure of this information could reasonably be expected to risk circumvention of the law.

As detailed in Section II of the parties' fourth joint status letter, information was withheld from the defendant's June 10, 2019 production pursuant to FOIA Exemptions 6, 7(C) and 7(E) for the reasons set forth above, and also pursuant to FOIA Exemption 5, 5 U.S.C. § 552(b)(5), based on the deliberative process privilege, the attorney-client privilege, and the attorney work-product doctrine. Information was withheld from the defendant's July 10, 2019 production pursuant to FOIA Exemptions, 5, 6, 7(C), and 7(E) for the reasons set forth above.

## III.    Proposed schedules for gathering, processing, and producing documents, as well as for filing any related briefing

As discussed above, the parties continue to negotiate the scope of the remaining production of records responsive to sub-requests 2(e) and 2(f) of the request. For now, the defendant will continue to process 750 pages of records potentially responsive to these requests each month, with a production to be sent out on or before the 10th of each month, or the next business day if the 10th of the month falls on a weekend or a holiday. The defendant will send the next production on or before August 10, 2019.

The parties propose that they provide a further status report to the Court on or before September 6, 2019. Because the defendant has not yet completed its production of records responsive to the FOIA request, the parties agree that it would be premature at this time to propose a schedule for briefing any issues that may require judicial resolution.

Respectfully submitted,

*/s/ Amy Belsher*
AMY BELSHER
ANTHONY GEMMELL
CHRISTOPHER DUNN
New York Civil Liberties Union
 Foundation
125 Broad Street, 19th Floor
New York, NY 10004
Tel: (212) 607-3342
abelsher@nyclu.org

*Counsel for Plaintiffs*

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

*/s/ Andrew E. Krause*
ANDREW E. KRAUSE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2769
Facsimile: (212) 637-2786

*Counsel for Defendant*

Dated: New York, New York
       July 19, 2019